**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**PATRICK ROMES**                                                                                          **PETITIONER**

**VS.**                        **CASE NO. 5:14CV00002 KGB/HDY**

**RAY HOBBS, Director of the
Arkansas Department of Correction**                                                       **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Patrick Romes seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.  Mr. Romes, who is currently in the custody of the Arkansas Department of Correction (ADC), was convicted by a Pulaski County jury of capital murder and aggravated robbery in a trial conducted in May of 2002. He was sentenced to concurrent terms of life imprisonment and twenty years.  On direct appeal, Mr. Romes unsuccessfully contended there was insufficient evidence to convict him of capital murder, that the trial court erred in denying his motion to dismiss for lack of a speedy trial, and the trial court erred in denying his motion to suppress his custodial statement. *Romes v. State*, 356 Ark. 26 (2004). The Supreme Court of Arkansas issued its opinion on February 5, 2004, and the mandate issued on March 12, 2004.   Mr. Romes filed a petition for Rule 37 relief, alleging three instances of ineffective assistance of counsel.  The trial court denied this petition as untimely in an order filed on August 17, 2004.  Mr. Romes filed a notice of appeal on September 21, 2004.  The Arkansas Supreme Court did not lodge the post-conviction record because the notice of appeal was not timely entered.

On January 2, 2014,  Mr. Romes filed his petition for federal habeas corpus relief advancing the following claims for relief:

1. Ineffective assistance of trial counsel for failing to preserve error;

2. Ineffective assistance of appellate counsel for failing to raise ineffective assistance

        of trial counsel on direct appeal;

3.       Ineffective assistance of counsel at the initial review collateral proceeding; and

4.       Ineffective assistance of trial counsel in abandoning his only defense to the capital murder charge.

The respondent contends that the petition should be dismissed as untimely and as procedurally barred. By Court Order of February 12, 2014, the Court notified the petitioner of his opportunity to explain why dismissal should not occur. Mr. Romes responded to the Court Order with a pleading filed on February 28, 2014, as well as a supplementary pleading on March 12, 2014. Docket entries nos. 16 & 17. We will first consider whether the habeas corpus petition is timely filed with this Court.

**Statute of Limitations:** Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on ninety days after the Arkansas

Supreme Court's ruling on direct appeal – May 6, 2004.  Thus, the respondent contends the petitioner should have filed for habeas corpus relief on or before May 6, 2005.  The petition was filed on January 2, 2014, more than eight years after the limitations period began to run.  Thus, the respondent urges that the petitioner's failure to act sooner is fatal to the petition.

Mr. Romes, in his explanatory submissions to the Court, offers five reasons why he failed to file a timely petition with this Court.  The second and fifth reasons advanced by Mr. Romes overlap significantly, and will be considered as a single argument.  Liberally construing these allegations, we consider them to be reasons why Mr. Romes believes the limitations period should have been tolled.  The failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Mr. Romes first claims that he failed to file a timely Rule 37 petition due to having below average intelligence.  This assertion is accompanied by few facts[1], and no case law is cited.[2]  We are left to consider the bald assertion of below average intelligence as a reason to equitably toll the limitations period, and we find this assertion to be lacking.  The petitioner bears the burden of producing some facts to support his claims.  The claim of Mr. Romes regarding his intelligence fails

---

[1] The petitioner attaches a 2001 Mental Evaluation to his pleading.  The evaluator opined that Romes was competent to stand trial, and that "it is my opinion that Mr. Romes functions in at least the Borderline range, if not in the Low average range of intelligence."  Docket entry no. 16, page 14.  This document does not bolster the petitioner's claim for equitable tolling.

[2] The Court is aware that lack of education has been alleged as "cause" for procedural default.  In *Smittie v. Lockhart*, 843 F.2d 295 (8th Cir. l988), the Court found a petitioner's *pro se* status and ninth grade education were not sufficient to demonstrate cause for pursuing state court remedies.

to warrant equitable tolling.

Mr. Romes next contends the limitation period should be tolled because he recently became aware of an affidavit executed by Alan Tyson. This allegation is similar to the fifth reason asserted for equitable tolling – that Romes is actually innocent of the crime. As a result, we consider claims two and five as one challenge for the tolling of the limitations period. This affidavit, executed on February 20, 2014, (about seven weeks *after* the current petition was filed), indicates that Mr. Tyson was near the scene of the crime when Martin Jacobs asked him for a ride and volunteered that he (Jacobs) just shot someone at the Sportsman's Inn. Docket entry no. 16, pages 23-25. Mr. Romes contends this affidavit proves his innocence and is reason to equitably toll the limitations period. The recent case of *McQuiggin v. Perkins*, ___ U.S. ___, 2013 WL 2300806 (May 28, 2013), holds that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, the petitioner must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Romes; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This demanding standard is not met by the affidavit of Mr. Tyson, which relates hearsay from Mr. Jacobs. *See Washington v. Delo, 51 F.3d 756 (8th Cir. 1995)* (twelve year old affidavits from a friend and a cousin "do not represent the type of exculpatory evidence that is necessary" under *Schlup*). Mr. Romes' assertion that he is innocent and the affidavit proves his innocence fails to amount to the "new reliable evidence" envisioned in *Schlup v. Delo, supra.* As a result, the petitioner fails to establish actual innocence as a pathway to defeating the limitations period.

Liberally construing the petitioner's pleadings, its appears that his third reason for tolling is his claim that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), are cases that should equitably toll the limitations period. The *Martinez* and *Trevino* cases, however, have no relevance in a discussion of the limitations period. Rather, any relevance of those cases would occur in the context of "cause" for a procedural default. *See Henderson v. Hobbs*, 2012 WL 4049222, Eastern District of Arkansas, August 29, 2012 ("The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations.").

The final ground of Mr. Romes for equitable tolling is that his appellate counsel failed, on direct appeal, to raise the issue of the ineffective assistance of trial counsel. The flaw with this argument has to do with cause and effect. Even if it is true that appellate counsel could have raised ineffective assistance of counsel on direct appeal, it does not follow that this omission prevented Mr. Romes from filing his federal habeas corpus action in a timely fashion. To toll the limitations period, the petitioner must point to "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Maghee v. Ault*, 410 F.3d at 476 (8th Cir. 2005). There is no showing that the acts or omissions of petitioner's appellate counsel had any effect on the petitioner's ability to file a timely petition. As a result, the limitations period was not tolled.

In summary, the petition for writ of habeas corpus was filed with this Court more than a eight years after it should have been. The petitioner fails to plead or prove any reason why the limitations period should have been tolled. As a result, we recommend the petition be dismissed as untimely.[3]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a

---

[3]We need not, and do not, consider the procedural default argument under the circumstance in this case, where the limitations period has long since expired.

constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __17__ day of March, 2014.

$$\text{_____}$$
UNITED STATES MAGISTRATE JUDGE